IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMAAL CHARLES, M54753,              )
                                     )
                    Plaintiff,       )
                                     )
vs.                                  )
                                     )
DEANNA M BROOKHART,                  )    Case No. 23-cv-422-MAB
KEVIN T. JOHNSON,                    )
DARREN N. WILLIAMS,                  )
NATHAN E. ATTEBURY,                  )
SHANAE B. GILLENWATER,               )
J. GARRETT,                          )
                                     )
                    Defendants.      )

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Jamaal Charles, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center (Lawrence) (Doc. 1). Plaintiff alleges that he received inadequate disciplinary proceedings, and some of the defendants denied his grievances concerning those proceedings.

Plaintiff's Complaint (Doc. 1) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.   *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff alleges that on May 5, 2021, he was issued an ODR (offender disciplinary report). On May 13, 2021, Defendants Gillenwater and Williams conducted the hearing on the ticket at his cell front and in the presence of his cellmate, despite his requests for a private hearing (Doc. 1 at 7). Although he pleaded not guilty, he was found guilty of possessing alcohol. He challenges the reliability of the disciplinary hearing findings because Gillenwater and Williams could not personally attest for the test results that confirmed the liquid in his cell was alcohol, and the other evidence cited in the disciplinary findings did not affirmatively support a finding that he was responsible for the cited infraction (Doc. 1 at 8-9).  As a result, he got three months of C-grade status, and six months of restrictions on visits (Doc. 1 at 10). He contends that these actions constituted an undue hardship, and that the contact visit restriction was not appropriate based on the nature of the disciplinary infraction (*Id.*). He claims his mental health suffered because of the proceedings.

He argues that Defendant Brookhart approved the recommendations of the disciplinary committee without comment (Doc. 1 at 11). Defendant Garrett reviewed Plaintiff's grievance about the disciplinary proceedings and simply parroted the disciplinary committee findings, and Defendant Brookhart approved the same. He

further contends that Brookhart could have remedied the errors with the disciplinary proceedings, but she misapplied local rules, regulations, or policies (Doc. 1 at 12). He claims that all Defendants conspired to deny him equal protection of the laws.

On December 22, 2021, Plaintiff received a second ODR for drugs or drug paraphernalia (Doc. 1 at 12). On December 28, 2021, Defendants Attebury and Johnson conducted disciplinary proceedings about the ticket. Again, he was found guilty despite his plea of not guilty. Plaintiff argues that, as with the earlier ODR and disciplinary proceedings, these proceedings were flawed and were not based on reliable evidence (Doc. 1 at 13). He received one month of C-Grade, and six months of contact visit restrictions (Doc. 1 at 26). Plaintiff grieved the disciplinary proceedings, and Garrett and Brookhart reviewed his grievance. He also appealed the outcome of the grievance to the Administrative Review Board (ARB) (Doc. 1 at 14). The ARB removed the six-month restriction on contact visits because it was not appropriate for the discipline alleged, but otherwise did nothing (Doc. 1 at 14).

Plaintiff alleges that the Defendants have conspired to deny him of equal protection, and they have acted in bad faith.  (Doc. 1 at 14).  He seeks monetary damages.

Based on the allegations in the Complaint, the court designates the following Claims:

> **Claim 1:** **Fourteenth Amendment Due Process claim against Gillenwater, Attebury, Johnson, and Williams for the disciplinary proceedings in May and December of 2021;**
>
> **Claim 2:** **First or Eighth Amendment claim against Defendants Brookhart or Garrett related to the handling of Plaintiff's grievances.**

3

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Preliminary Dismissals

Plaintiff alleges that the events in his complaint are systemic, they are a result of defendants not following institutional policies or rules, and they are a product of a conspiracy amongst the defendants.  He also says that the Defendants' acts violated his right to equal protection. These allegations are insufficient for a few reasons.

First, as to Plaintiff's allegation that there is a systemic problem with the disciplinary proceedings, this allegation may be consistent with a *Monell* claim. *Monell* allows an inmate to bring a claim against a municipal body for a constitutionally deficient policy, custom or practice, but the Defendants in this lawsuit are employees of IDOC, which is a state entity, not a municipality. *See e.g. Harris v. Westra*, 826 Fed. App'x 570, 573 (7th Cir. 2020) (by suing a warden in official capacity, the plaintiff made the state a party to the lawsuit, but a state is not subject to damages under §1983 or *Monell*); *Reed v. Roberts*, 2023 WL 1068599 (N.D. Ind. 2023) (noting that a commissioner of corrections and warden were not municipalities subject to *Monell* liability). Because the Defendants are

not municipalities in their individual or official capacities, any claim advancing a *Monell* theory of liability cannot proceed.

Second, as to Plaintiff's allegation that Defendant Brookhart or any of the other Defendants violated his rights by failing to follow internal policies or rules about disciplinary proceedings, this does not amount to a constitutional violation. *See e.g. Beley v. City of Chicago*, 901 F.3d 823, 828 (7th Cir. 2018) (a violation of a state statute does not implicate the federal constitution); *Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (§ 1983 protects against constitutional violations, not violations of departmental regulations or rules).

Third, Plaintiff contends that the Defendants conspired to deprive him of equal protection under the law, but his allegations are too vague to substantiate this claim. To state a claim under § 1985(3), a plaintiff must allege, "first, that the defendants conspired; second, that they did so for the purpose of depriving any person or class of persons the equal protection of the laws; and third, that the plaintiff was injured by an act done in furtherance of the conspiracy." *Hartman v. Bd. Of Trustees of Cmty. College Dist. No. 508*, 4 F.3d 465, 469 (7th Cir. 1993). Additionally, a conspiracy to deprive a person of equal protection must be motivated by a racial or other class-based discriminatory motive. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). Plaintiff's allegations about a conspiracy to deprive him of equal protection of the laws are no more than conclusory and speculative. He assumes, without providing any substantive explanation, that the Defendants conspired because he is dissatisfied with the outcome of two disciplinary proceedings. He does not tie his dissatisfaction to a racial or class-based discriminatory

motive. *See e.g. Voss v. Carr*, 2022 WL 2287560 at * 3 (7th Cir. 2022) (affirming the dismissal of an equal protection claim where plaintiff did not identify which equal protection interest was at stake). As such, his allegations are insufficient to proceed on this claim against any of the defendants. Even if Plaintiff's allegations were more detailed, or he tied them to an equal protection interest, as explained in the discussion section below, he did not establish harm of a constitutional proportion, so this associated claim fails.

## Discussion

### Claim 1

Plaintiff alleges that Defendants Gillenwater, Williams, Attebury and Johnson violated his Due Process rights by finding him guilty of disciplinary infractions without sufficient evidence. To state a procedural due process claim under the Fourteenth Amendment, a plaintiff must sufficiently allege that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court analyzing a due process claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Id.* at 125. Generally, the only form of punishment from prison disciplinary proceedings that invokes due process is the loss of good time credits. *See Antoine v. Uchtman*, 275 Fed. App'x 539, 541 (7th Cir. 2008) (a month's segregation, loss of commissary privileges, and loss of prison employment affect neither a liberty nor a property interest); *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) (demotion in status,

segregation, and transfer do not raise due process concerns); *citing Thomas v. Ramos*, 130 F.3d 754, 761-62 & n.8 (7th Cir. 1997) (temporary segregation and demotion to C-grade status do not violate due process).

The disciplinary reports attached to Plaintiff's complaint show that he received three months of c-grade, and six months of contact visit restrictions for the May 2021 disciplinary infraction, and one month c-grade and six months of contact visit restrictions for the December 2021 infraction. The demotion in status and the restricted privileges are not due process violations, so Plaintiff cannot maintain a valid claim based on the disciplinary proceedings identified.  *See Thomas*, 130 F.3d at 761-62; *Antoine*, 275 Fed. App'x at 541.

### Claim 2

Plaintiff alleges that Defendants Brookhart and Garrett erred when they reviewed his grievances and simply parroted the findings of the disciplinary committee. Prison officials who allegedly mishandle a grievance, but who did not participate in the underlying conduct, cannot be held liable for violating an inmate's rights based solely on their participation in the grievance process. *See Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011). Garrett's involvement was strictly limited to grievance review, so Plaintiff cannot maintain a claim against Garrett.  By contrast, Plaintiff alleges that Brookhart erred both when she signed off on the disciplinary findings themselves, and when she signed off on grievances. While this may be enough to suggest that she participated both in the grievance process and the underlying issue, as the Court already concluded, the

disciplinary proceedings did not amount to a constitutional violation, so Brookhart cannot be held liable for her handling of the related grievance.

The Court gives leave to file amended pleadings freely, but it does not need to give leave or "solicit more litigation spontaneously" where it is not apparent what claim a plaintiff might substitute for those that already failed. *See e.g. Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile). Here, Plaintiff has no apparent basis in law to attack the two disciplinary proceedings he challenges in this lawsuit, because the restrictions on his privileges that he received do not invoke the Due Process clause. *See e.g. Antoine*, 275 Fed. App'x at 541 (affirming dismissal at §1915A review of due process challenge premised on the loss segregation, commissary, and prison employment). Accordingly, the Court opts not to grant Plaintiff leave to amend here because the Court sees no set of circumstances under which an amendment would be able to cure the identified infirmities with this lawsuit. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.' ") (*quoting Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

## <u>Disposition</u>

**IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED**. The Court concludes that leave to amend would be futile because in the Court's review

of the facts presented, there is simply no scenario in which Plaintiff can plead a legally meritorious claim. Accordingly, the dismissal is with prejudice and the Clerk of the Court is **DIRECTED to CLOSE** this case on the Court's docket.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $505.00 filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: April 13, 2023

*s/ Mark A. Beatty*
MARK A. BEATTY
United States Magistrate Judge